UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23030-CV-MORENO
(CASE NO. 17-20202-CR-MORENO)
MAGISTRATE JUDGE REID

NEILIN GONZALEZ DIAZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RE RECOMMENDING DISMISSAL AS TIME-BARRED MOTION TO VACATE - 28 U.S.C. §2255

### I. Introduction

Movant, **Neilan Gonzalez Diaz,** has filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255, attacking the constitutionality of her convictions and sentences for conspiracy to commit Hobbs Act extortion, conspiracy to commit access device fraud, two counts of possession of fifteen or more unauthorized access devices, and aggravated identity theft, entered following a guilty plea in **Case No. 17-20202-CR-Moreno.** [CV ECF No. 1]. This case has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636. [CV ECF No. 2].

For its consideration of this Motion to Vacate [CV ECF No. 1] with supporting Memorandum [CV ECF No. 3], the Court has the Respondent's Response [CV ECF No. 6] to this Court's Order to Show Cause, along with its supporting exhibits [ECF Nos. 6-1, 6-2], and Movant's Reply. [ECF No. 11]. For the reasons discussed below, this Motion to Vacate should be **DISMISSED** as untimely.

## II. Claims

Construing the arguments liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant raises the following four grounds for relief:

1. She was denied her right to effective assistance of counsel after sentencing, when she advised counsel she wanted to file an appeal, and counsel informed her that she had waived the right as part of her negotiated plea. [CV ECF No. 1 at 4; CV ECF No. 3 at 1-2]. She further claims she did not understand counsel's advice, and notwithstanding any waiver, wanted an appeal filed. [CV ECF No. 1 at 4].

2. Her attorney was ineffective for failing to object to a sentencing enhancement based on her role in the offense. [CV ECF No. 1 at 5; CV ECF No. 3 at 2].

3. Her attorney was ineffective for failing to argue that the factual basis for the plea did not contain the necessary elements to support Hobbs Act extortion. [CV ECF No. 1 at 6; CV ECF No. 3 at 3].

4. Her attorney failed to object to an obstruction of justice sentencing enhancement. [CV ECF No. 3 at 2].

## III. Relevant Procedural History

Movant was charged with and pleaded guilty to: conspiracy to commit access device fraud (Count 1); aggravated identity theft (Count 2); two counts of possession of fifteen or more unauthorized access devices (Counts 7 and 8); and conspiracy to commit Hobbs Act extortion (Count 9). [CR ECF Nos. 14, 42, 45, 64]. She was adjudicated guilty and sentenced to a total term of eighty-one months of imprisonment. [CR ECF No. 64 at 1-3]. Judgment was entered[1] by the Clerk on **July 21, 2017.** [*Id.*]. No appeal was filed.

Movant's Judgment became final on **Friday, August 4, 2017**, when the fourteen-day period for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also United*

---

[1] For federal prisoners, the time for filing an appeal is computed from the date the judgment is entered on the docket. *See Ramirez v. United States,* 146 F. App'x 325, 326 (11th Cir. 2005) (*per curiam*) (citing Fed. R. App. P. 4(b)(1)(A)(i)).

*States v. Anderson,* 708 F. App'x 563, 567-68 (11th Cir. 2017) (*per curiam*) (citing Fed. R. App. P. 4(b)(1)); *Adams v. United States,* 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999).

Pursuant to 28 U.S.C. § 2255(f)(1), Movant had one year from the time her Judgment became final, or no later than **Monday, August 6, 2018,²** to file a motion to vacate. *See Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6 (1986); *see also Downs v. McNeil,* 520 F.3d 1311, 1318 (11th Cir. 2008) (citing *Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007). Movant filed this Motion to Vacate on **July 12, 2019**. [CV ECF No. 1 at 12].

### IV. Discussion

### A. Statutory Tolling

1. <u>Applicable Law</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a one-year limitations period for filing a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to filing a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

---

² Under Fed. R. Civ. P. 6(a)(1), "in computing any time period specified in ... any statute that does not specify a method of computing time ... [the court must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday. Where, as here, the last date fell on Saturday, that day and Sunday was excluded from its computation.

Movant has not alleged, and it does not appear from the record, that §§ 2255(f)(2) or (3) are applicable here and under § 2255(f)(1) and (4), this proceeding is subject to dismissal as untimely.

2. <u>Analysis</u>

(a) *Section 2255(f)(1)*

Movant inaccurately states her Motion is timely, because it was filed "within one year from the date of sentencing." [CV ECF No. 1 at 10]. The Government argues that the Motion is barred by the statute of limitations under § 2255(f)(1), because it was filed approximately two years after her conviction became final; and statutory tolling is not warranted under §§ 2255(f)(2)-(4). [CV ECF No. 6 at 2]. Alternatively, the Government also argues that Movant's claims fail on their merits. [*Id.* at 3-9].

Pursuant to 28 U.S.C. § 2255(f)(1), Movant's conviction became final on **August 4, 2017**, and she filed this Motion to Vacate nearly two years later, on **July 12, 2019.** [CV ECF 1 at 12]. Therefore, Movant is untimely under § 2255(f)(1) since she only had until **August 6, 2018** to file a motion to vacate.

(b) *Section 2255(f)(4)*

The Motion is also untimely under § 2255(f)(4) because Movant does not demonstrate that the facts supporting the claims presented could not have been discovered earlier with the exercise of due diligence. With respect to Claims 2, 3, and 4, the facts underlying these ineffective assistance of counsel claims were known to her at the conclusion of her sentencing proceeding and are clearly untimely under § 2255(f)(4). With respect to Claim 1, Movant provides no specifics regarding when she learned no direct appeal was filed, and she offers contradictory allegations regarding whether a direct appeal was even requested.

For example, in Claim 1 of her Motion, she asserts that "after sentencing, Diaz wanted to file an appeal," but counsel refused to do so. [CV ECF No. 1 at 4]. She claims counsel advised her there was an "appeal waiver" which she did not "understand" and states she "wanted an appeal to be filed despite the appeal waiver." [*Id.*]. In her Memorandum, however, she claimed that she "wished to file a notice of appeal despite her waiver of appeal associated in her plea agreement" and that counsel failed "to properly consult with her about her appeal rights." [CV ECF No. 3 at 1]. So, essentially, she claims both that counsel discussed an appeal with her and that counsel did not.

Next, given her representations under oath at the change of plea hearing, Movant's representation here that she did not understand she was waiving her right to a direct appeal is refuted by the record. [CV ECF No. 90 at 8, 16-17]. Movant acknowledged she executed the Plea Agreement, that it was translated for her before signing it, and that she was pleading guilty because she was, in fact, guilty. [*Id.* at 16-17]. More importantly, Movant specifically understood and acknowledged that by entering a guilty plea, Movant was waiving her right to pursue a direct appeal. [*Id.* at 8]. Movant's allegations in support of her claim are, at best, conclusory and incredible. *See Winthrop-Redin v. United States,* 767 F.3d 1210, 1216 (11th Cir. 2014). Movant provides no statement or other objective evidence substantiating that she requested that a direct appeal be filed, and that she acted diligently in ascertaining whether or not one was filed, as instructed. As such, the Undersigned rejects Movant's self-serving representations here.

Ultimately, assuming she had instructed counsel to file an appeal immediately following her sentencing on July 18, 2017, Movant has not demonstrated that she acted diligently in ascertaining that the requested appeal had not been filed. This § 2255 motion was filed nearly two years after her conviction. In addition, Movant has not attempted to counter the Government's argument that she is not entitled to tolling under § 2255(f)(4). After Movant did not file a reply to

the Government's response, the Undersigned invited Movant to file a reply and, at Movant's request, granted an additional extension of time in which to do so. Movant's reply did not address the issue of timeliness. As such, the Undersigned finds Movant has not demonstrated that she acted diligently in discovering the factual predicate of her claims. *See Lanier v. United States,* 769 F. App'x 847, 850 (11th Cir. 2019) (*per curiam*) (citing *Aron v. United States,* 291 F.3d 708, 711 (11th Cir. 2002)).Certainly, she could have discovered this fact by November 2018, when she filed a request for a copy of her sentencing transcript in the underlying criminal case, stating that she needed it to prepare a § 2255 motion. [CR ECF No. 83]. In any event, Movant could have contacted defense counsel or this Court to find out whether a notice of appeal had been filed. She provides no evidence whatsoever that she did so, and accordingly, fails to meet her burden under § 2255(f)(4).

Thus, statutory tolling under § 2255(f)(4) is not warranted.

### B. Equitable Tolling

Finally, the statute of limitations may be tolled under equitable circumstances, however, "'equitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly.'" *Lanier,* 769 F. App'x at 850 (quoting *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009) (*per curiam*)).

To be entitled to equitable tolling, Movant must demonstrate that (1) "'[she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). Movant bears the burden of establishing that equitable tolling is warranted. *See id.* (citing *Outler v. United States,* 485 F.3d 1273, 1280 (11th Cir. 2007) (*per curiam*)).

Extraordinary circumstances must be beyond Movant's control. *See Hunter*, 587 F.3d at 1308. Moreover, there must be a causal connection between the alleged extraordinary

circumstances and the late filing of the motion. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Second, the diligence required for equitable tolling is "reasonable diligence not maximum feasible diligence." *Id*. (quotation omitted).

Although Movant contends that her counsel failed to file a notice of appeal upon request after sentencing, she has not explained when she learned of counsel's failure, why she waited from July 2017 to November 2018 to request information from the docket, and why she waited an additional nine months until July 2019 to file her Motion to Vacate after her November 2018 statement that she intended on filing a § 2255 motion. Given her inaction for close to two years, Movant has not demonstrated that she is entitled to equitable tolling of the federal limitations period. *See Doe v. United States*, 469 F. App'x 798, 799-800 (11th Cir. 2012) (*per curiam*). Nor has she established that there were "extraordinary circumstances" which prevented her from timely filing this action. *See San Martin*, 633 F.3d at 1267. In addition, Movant has not alleged that counsel's misconduct, even if true, caused her to wait almost two years to file this Motion, and Movant has not stated what efforts she made to ascertain if counsel had filed the notice of appeal. Because this is Movant's burden, *see Lanier,* 769 F. App'x at 850 (citations omitted), and she does nothing at all to meet it, tolling is not warranted.

### C. Fundamental Miscarriage of Justice-Actual Innocence

Finally, Movant has not alleged, nor does the record reflect, that the failure to review the Motion will result in a fundamental miscarriage of justice. *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). Movant has not demonstrated that she is actually innocent of the convictions and the evidence proves otherwise. *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009) (*per curiam*).

### D. Remaining Claims

The merits of Movant's claim are not addressed here because this Motion was not timely filed, and no fundamental miscarriage of justice will result from the Court's failure to address the claims in the alternative.

### V. Cautionary Instruction Regarding *Clisby* Rule

The Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised these proceedings, regardless of whether relief is granted or denied. *See Clisby v. Jones*, 960 F.2d 925, 936-36 (11th Cir. 1992); *see also Rhode v. United States,* 583 F.3d 1289, 1291 (11th Cir. 2009) (*per curiam*) (holding that *Clisby* applies to § 2255 proceedings). However, nothing in *Clisby* requires consideration of claims or arguments raised for the first time in objections. Therefore, if Movant attempts to raise arguments or further factual support for statutory or equitable tolling in objections, the Court should exercise its broad discretion and refuse to consider the arguments not raised before the Magistrate Judge in the first instance. *See Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009) (citing *Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006) (*per curiam*) (finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the Magistrate Judge)).

### VI. Evidentiary Hearing

Movant has the burden to establish the need for an evidentiary hearing. *See Jones v. Sec'y, Fla. Dep't of Corr.,* 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a movant to relief. *See id.* at 1318-19 (quoting *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007)). Even when considering the alleged facts as true, no evidentiary hearing is required because the facts necessary to decide this Motion are fully

developed in the record before this Court. *See Doe*, 469 F. App'x at 801; *see also Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying her § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a COA only if Movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, she may bring this argument to the attention of the District Judge in objections.

## VIII. Recommendations

Based on the above, it is recommended that:

    1.    The Motion to Vacate [ECF No. 1] be **DISMISSED** as untimely;

    2.    final judgment be entered in favor of Respondent;

    3.    no certificate of appealability issue; and,

    4.  the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

Signed this 7th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Neilin Gonzalez Diaz, *Pro Se*
   Reg. No. 15643-104
   Federal Correctional Institution- Aliceville
   Inmate Mail/Parcels
   Post Office Box 4000
   Aliceville, AL 35442

   Daniel Cervantes, AUSA
   United States Attorney's Office
   99 N.E. 4th Street
   Miami, FL 33132
   Email: daniel.cervantes@usdoj.gov